# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2011

No. 11-40005
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL RUIZ, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CV-77
USDC No. 2:05-CR-643-2

Before WIENER, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Miguel Ruiz, Jr., federal prisoner # 57857-179, seeks (1) a certificate of appealability (COA) to appeal the district court's denial of his motion to reopen sentencing, which the district court construed as an unauthorized successive 28 U.S.C. § 2255 motion, and (2) authorization, nunc pro tunc, for leave to file a successive § 2255 motion, so as to challenge the sentence imposed following his guilty-plea conviction of possession with intent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to distribute 4.83 kilograms of cocaine. He asserts that the district court improperly applied an enhancement pursuant to U.S.S.G. § 4B1.1.

To obtain a COA, Ruiz must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When, as here, the district court's denial of relief is based solely on procedural grounds, a COA may issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Ruiz has not made the requisite showing. Consequently, his motion for a COA is denied.

Before a successive § 2255 motion may be filed in the district court, the putative movant must obtain authorization from this court for the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); § 2255. We may authorize the filing of a successive § 2255 motion only if the movant makes a prima facie showing that his claim relies on either (1) newly discovered evidence that, if proved and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the underlying offense; or (2) a new rule of constitutional law that was previously unavailable has been made retroactive by the Supreme Court to cases on collateral review. § 2244(b)(2); § 2255. Ruiz has not made the requisite showing. Consequently, his motion for authorization to file a successive § 2255 motion is also denied.

COA DENIED; MOTION FOR AUTHORIZATION DENIED.